NOLAN HEIMANN LLP
Jordan Susman, Esq. (SBN 246116)
Heather Mayer, Esq. (SBN 210544)
Jane Davidson, Esq. (SBN 326547)
16000 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail: jsusman@nolanheimann.com
        hmayer@nolanheimann.com
        jdavidson@nolanheimann.com

Attorneys for Plaintiffs
iJustine, Inc. and Justine Ezarik

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IJUSTINE, INC.; JUSTINE EZARIK<br><br>Plaintiffs,<br><br>vs.<br><br>AGAIN INTERACTIVE, LLC; PANASONIC CORPORATION OF NORTH AMERICA; DOES 1 THROUGH 10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT**<br><br>**2. FRAUD**<br><br>**3. QUANTUM MERUIT**<br><br>**4. RESTITUTION: UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs iJustine, Inc. and Justine Ezarik, by and through their undersigned attorneys, allege upon knowledge as to themselves and their own acts and allege upon information and belief as to all other matters, bring this Complaint against Defendants

Again Interactive, LLC and Panasonic Corporation of North America and allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000. Diversity of citizenship exists because Plaintiffs are citizens of California, and Defendants are citizens of New Jersey.

2. Defendants are subject to personal jurisdiction in California because, by entering into a contract expressly requiring ongoing obligations to be performed within California, Defendants purposefully availed themselves of the privileges and protections of California law. The parties contemplated a continuing relationship centered in California, creating substantial and foreseeable connections to the state. Exercise of personal jurisdiction satisfies due process because it is fair and reasonable to require Defendants to litigate disputes arising from these contacts in California, a state with a significant interest in adjudicating matters related to contracts performed within its borders. Further, Defendants engaged in material breaches of contract, as described more specifically below, which caused and continues to cause injury to Plaintiffs within California.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and because substantial events relating to the claims alleged herein occurred in this judicial district.

## THE PARTIES

4. At all times mentioned herein, plaintiff iJustine, Inc. ("iJustine") was and is a California corporation with its principal place of business in Los Angeles County, California.

5. At all times mentioned herein, plaintiff Justine Ezarik ("Ms. Ezarik") was and is an individual residing in Los Angeles County, California. iJustine and Ms. Ezarik are referred to collectively herein as "Plaintiffs."

6. At all times mentioned herein, defendant Again Interactive, LLC ("Again") was and is a New Jersey corporation with its principal place of business in New Jersey.

7. At all times mentioned herein, defendant Panasonic Corporation of North America ("Panasonic") was and is a Delaware corporation with its principal place of business in New Jersey.

8. At all times herein mentioned, each Defendant was the agent and/or employee of the other, and at all times were and are acting within the purpose and scope of such agency and/or employment, and with knowledge, authorization, permission, consent, and/or subsequent ratification and approval of each other. References hereafter made to any one Defendant shall be deemed to refer to and include each of the other Defendants, as well as the fictitiously named Defendants sued as DOES 1 through 10, unless the context indicates otherwise.

## GENERAL ALLEGATIONS

9. Ms. Ezarik rose to fame as a YouTube "lifecaster" who posts videos of her daily life online. Her iJustine YouTube channel boasts more than 7 million subscribers and has achieved more than 1 billion views. Her online popularity has led to brand ambassador deals with Amazon, Mattel, Sony, Samsung, LG, Ford, GE, Carl's Jr., Taco Bell, Doritos, Skittles, Sharpie, and Microsoft.

10. Again is a digital marketing agency.

11. Panasonic is an electronics company.

12. In or about January 2025, iJustine entered into a written agreement (the "Agreement") with Again on behalf of Panasonic for certain promotional services Ms. Ezarik would perform for Panasonic's benefit. A true and correct copy of the Agreement is attached hereto as Exhibit 1 and incorporated by this reference.

13. Although Ms. Ezarik fully performed all services required of her under the Agreement, Again and Panasonic have failed and refuse to pay her the project fee of One Hundred Twenty-Five Thousand Dollars ($125,000), despite numerous requests for payment, thereby leaving iJustine and Ms. Ezarik with no choice but to bring this action.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

14. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

15. The Agreement is a valid and enforceable contract between Plaintiffs, on the one hand, and Defendants, on the other hand.

16. Plaintiffs have performed all material conditions to be performed by them pursuant to the Agreement, except insofar as the same were excused or prevented by Defendants.

17. Defendants have breached the Agreement by failing and refusing to perform their promise to pay Plaintiffs $125,000.

18. As a direct and foreseeable result of Defendants' breach of the Agreement, Plaintiffs have been damaged in an amount to be determined at trial, but in excess of $75,000.

## SECOND CLAIM FOR RELIEF
## (FRAUD)

19. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

20. On or about January 7, 2025, Again executed the Agreement on behalf of itself and Panasonic and falsely represented to Plaintiffs that it would pay Plaintiffs $67,500 upon execution of the Agreement and the remaining $67,500 upon Plaintiffs' completion of services.

21. The foregoing representations were false when made, as Defendants did not intend to perform the foregoing promises when they made them.

22. Defendants intended to induce Plaintiffs' reliance on these representations when made by executing the Agreement on or about January 7, 2025.

23. Plaintiffs justifiably and reasonably relied upon Defendants' false representations to their detriment, as Defendants appeared to be honest in their business dealings.

24. Defendants did not perform the promised acts. In particular, Defendants did not pay (or even attempt to pay) Plaintiffs any of the agreed upon fees.

25. As a direct and proximate result of Plaintiffs' justifiable and reasonable reliance on Defendants' false representations, they have been damaged, and continue to accrue damages, in an amount subject to proof at trial, but, in any event, is in excess of the jurisdictional minimum of this Court.

26. The aforementioned conduct of Defendants was intentional and done for the purpose of depriving Plaintiffs of property and/or legal rights or otherwise causing injury. This despicable conduct subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants and to deter such conduct in the future, the exact amount of such damages subject to proof at the time of trial.

### THIRD CLAIM FOR RELIEF
### (QUANTUM MERUIT)

27. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

28. In early 2025, at Defendants' request, Plaintiffs provided promotional services and incurred costs for the benefit of Defendants.

29. Defendants knew that Plaintiffs were providing these services and incurring these costs for their benefit.

30. Defendants accepted and enjoyed the benefits of the services provided and costs incurred by Plaintiffs.

31. Defendants have failed and refused to compensate Plaintiffs for the full value of the services rendered and costs incurred. The fair and reasonable value of the

costs and services provided by Plaintiffs to Defendants for which Defendants have not compensated Plaintiffs is in excess of the jurisdictional minimum of this Court

## FOURTH CLAIM FOR RELIEF
## (RESTITUTION: UNJUST ENRICHMENT)

32. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

33. Defendants have been unjustly enriched at Plaintiffs' expense because Plaintiffs performed services for Defendants that resulted in Defendants receiving over one hundred thousand dollars' worth of promotional services for free.

34. Defendants unjustly retained those benefits at the expense of Plaintiffs.

35. Plaintiffs seek restitution and disgorgement of the value of the services that Defendants received as a result of the services they performed for them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For actual and compensatory damages in an amount to be determined according to proof at trial;
2. For exemplary and punitive damages;
3. Restitution of all money, property, profits, and other benefits acquired by Defendants;
4. For costs of suit;
5. For prejudgment interest at the maximum legal rate;
6. For such other and further relief as the Court may deem just and proper.

Dated:       September 17, 2025            NOLAN HEIMANN LLP

By: /s/ Jordan Susman
Jordan Susman
Heather Mayer
Jane Davidson

Attorneys for Plaintiffs
iJustine, Inc. and Justine Ezarik

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: September 17, 2025

NOLAN HEIMANN LLP

By: */s/ Jordan Susman*
    Jordan Susman
    Heather Mayer
    Jane Davidson
Attorneys for Plaintiffs
iJustine, Inc. and Justine Ezarik